UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARTRAM YIHNI DABNEY,

                      Plaintiff,

v.                                                      9:10-CV-1109
                                                      (GTS/TWD)

J. PEGANO, Mess Hall Worker, Great Meadow C.F.;
LIVERMORE, Sergeant, Great Meadow C.F.;
W. DRUM, Corr. Officer, Great Meadow C.F.;
S. HAMEL, Corr. Officer, Great Meadow C.F.; and
R. LAMB, Corr. Officer, Great Meadow C.F.,

                    Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

BARTRAM YIHNI DABNEY, 97-A-7310
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN                 CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Bartram Yihni Dabney ("Plaintiff") against the five above-captioned New York State correctional employees ("Defendants"), are (1) Defendants' motion for summary judgment, (2) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be granted, and (3) Plaintiff's Objection to the Report-Recommendation.

(Dkt. Nos. 30, 43, 46.) After carefully reviewing the relevant filings in this action, the Court can find no error in the thorough Report-Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 43.)

The Court would add only two brief points. First, in his response to Defendants' motion, Plaintiff failed to deny (with supporting record citations) the properly supported facts asserted in Paragraphs 3 through 5 of Defendants' Statement of Material Facts (regarding exhaustion of administrative remedies). (*Compare* Dkt. No. 30, Attach. 2 *with* Dkt. No. 34.) Defendants' motion papers provided Plaintiff with detailed and explicit notice of the consequences of failing to submit a proper response to Defendants' Statement of Material Facts. (Dkt. No. 30, at 3.)[1] In addition, before he responded to Defendants' motion for summary judgment in this action on December 13, 2012, Plaintiff had responded to motions for summary judgments in seven other prisoner civil rights actions in federal court.[2] For all of these reasons, the Court finds that

---

[1] The Court notes that the notice provided in this case was more detailed and explicit than the notice provided in the case of *Jamison v. Metz*, No. 11-4242, 2013 WL 4838829 (2d Cir. Sept. 12, 2013). *See Jamison v. Metz*, 09-CV-0620, Notification of Consequences of Failing to Respond to Summary Judgment Motion (N.D.N.Y. filed June 9, 2010).

[2] *See Dabney v. Stormer*, 10-CV-0519, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Nov. 19, 2012); *Dabney v. Goord*, 04-CR-0988, Plf.'s Response to Defs.' Motion for Summary Judgment (S.D.N.Y. filed Jan. 8, 2007); *Dabney v. Goord*, 04-CV-0944, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Dec. 22, 2006); *Dabney v. Eagen*, 03-CV-0184, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Aug. 17, 2005); *Dabney v. McGinnis*, 97-CV-0489, Plf.'s Responses to Defs.' Motion for Summary Judgment (S.D.N.Y. filed Sept. 3, 2004); *Dabney v. McGinnis*, 01-CV-0065, Plf.'s Response to Defs.' Motion for Summary Judgment (S.D.N.Y. filed May 21, 2003); *Dabney v. Ricks*, 94-CV-1058, Plf.'s Response to Defs.' Motion for Summary Judgment (N.D.N.Y. filed Feb. 2, 2000).

Plaintiff's failure was "willful" for purposes of Fed. R. Civ. P. 83(a)(2). As a result, Plaintiff has admitted the facts asserted in those paragraphs, under Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court.

Second, in his Objections, Plaintiff never specifically challenges Magistrate Judge Dancks' alternative holding that Plaintiff's retaliation claim against Defendant Pegano should be dismissed based on *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Compare* Dkt. No. 43, at 38-39 *with* Dkt. No. 46.) As a result, that recommendation is subject to only a clear-error review, which it survives. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 43) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 30) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 30, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).